Donald W. Lojek, ISB No. 1395
LOJEK LAW OFFICES
1199 Main
P.O. Box 1712
Boise, Idaho 83701
Telephone:   (208) 343-7733
Facsimile:   (208) 343-5200



Orrin L. Grover, CA # 64153
Attorney at Law
416 Young St.
Woodburn, OR 97071
Telephone: (503) 981-5836
Facsimile:   (503) 981-8680

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0141 BTM POR

| | |
|---|---|
| MARY M. FRANCIS, individually and the ESTATE OF JOHN C. FRANCIS, acting through its personal representative, MARY M. FRANCIS<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. _____<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH |

COME NOW the Plaintiffs above named, by and through their undersigned counsel, and for their cause of action against the Defendant, state and allege as follows:

1.  Plaintiff, Mary M. Francis, is the sole surviving heir of John C. Francis, deceased, and the personal representative of The Estate of John C. Francis.

2. The defendant herein, acted through its agency, the Federal Aviation Administration.

3. The plaintiffs filed a tort claim against the United States through the office of the Federal Aviation Administration's General Counsel on or about May 18, 2007. A copy of the tort claim is attached to this complaint.

4. The aforesaid tort claim has not been denied by the United States but more than six months has passed since its filing. It was timely filed pursuant to 28 USC § 2401(b).

5. The court has jurisdiction pursuant to 28 U.S.C. § 1346(b).

6. Venue lies in this court pursuant to 28 U.S.C. § 1402(b).

7. At all times relevant hereto, defendant, acting through its agency the Federal Aviation Administration (hereinafter "FAA"), leased from the County of San Diego located within the State of California, certain premises on the McClellan-Palomar Airport (hereinafter "Airport") for the purpose of installing and operating an ILS localizer antenna structure for use as a navigational aid and facility for aircraft conducting approaches to and operating at the Airport.

8. Upon information and belief, the FAA, through its agents, servants, and employees acting within the course and scope of their employment with the FAA, designed, planned, installed, constructed, operated, serviced, and maintained the localizer antenna structure at the McClellan-Palomar Airport.

9. On January 24, 2006 at approximately 0640 Pacific Standard Time, the pilots of a Cessna Citation model 560 aircraft, with federal registration number N86CE (hereinafter the "Citation"), made an approach and attempted a

landing at the McClellan-Palomar Airport in Carlsbad, California and then commenced a normal and foreseeable go-around procedure.

10. It was foreseeable that many aircraft making approaches for landing at the Airport will need to execute a mandatory or elective go-around procedure from an approach or an attempted landing.

11. During the attempted go-around procedure, the Citation became airborne and was fully capable of continued safe flight, but the Citation impacted the localizer antenna structure which intruded upwards into the airspace at the departure end of the runway. This impact with the localizer antenna structure caused immediate and substantial damage to the Citation rendering it incapable of flight. The Citation then impacted the ground, slid and hit a building causing the deaths of four persons aboard the aircraft at the time of the accident, plaintiff's decedent among them.

12. Defendant and its agents, servants, and employees, were negligent, failed to use due care and created a hazardous and dangerous condition of which defendant had actual or constructive notice, including but not limited to the following:

   a. The ILS localizer antenna structure was negligently designed, planned, installed, constructed, operated, serviced, and maintained.

   b. The design, installation, and construction of the localizer antenna structure failed to comply with federal airport design standards and regulations and/or generally accepted airport industry design, installation, and construction standards.

    c.    The localizer antenna structure failed to meet or comply with FAA design standards, relevant Federal Aviation Regulations ("FARs"), and/or generally accepted industry standards in that it was located in an area required to be free from obstacles and hazards, and/or was located within the runway safety area and the obstacle free area and the obstacle free zone.

    d.    The localizer antenna structure failed to meet FAA design standards, FARs and/or generally accepted industry standards in that it was constructed of materials which were not frangible, and/or was not properly marked and identified as an obstacle and hazard.

    e.    The defendant negligently failed to inspect the Airport and to warn reasonably foreseeable operators of aircraft at the Airport, including the plaintiff's decedent, of unsafe and hazardous conditions at the Airport caused by the negligent design, installation, construction, operation, servicing, maintenance, and/or location of the localizer antenna structure.

13. The defendant's negligence was a proximate cause of the accident and the deaths of the four persons aboard the aircraft at the time of the accident, including John C. Francis, father of Mary M. Francis.

14. If the defendant were a private person, it would be liable to the plaintiffs in accordance with the laws of the State of California, or the laws of some other jurisdiction which may be applicable to this claim.

15. The negligence of the defendant caused the plaintiffs' damages.

16. Plaintiff, Mary M. Francis, has been deprived of her father's love, support, affection, training, guidance, society, companionship, protection, services, care, counsel and, accordingly, has suffered a loss of enjoyment of life, grief and a loss of income. The Estate of John C. Francis has suffered a loss of personal property. These damages exceed the jurisdictional minimum of this Court.

17. Donald W. Lojek has been admitted to practice before this Court *pro hac vice* in Case No. 07cv408-DMS-POR arising out of the same incident which is the subject of this action. A motion presently pends before this Court to consolidate several actions arising out of this same incident. Therefore, consolidation of this action with those other actions to wit:

| Short Title of Case | Case No. | Date Filed |
| --- | --- | --- |
| *Jellinek v. Jaxair* | 06-cv-02711-DMS-POR | December 14, 2006 |
| *Garratt v. San Diego* | 07-cv-00139-DMS-POR | January 23, 2007 |
| Goship Air v. San Diego | 07-cv-00403-DMS-POR | March 5, 2007 |
| Francis v. San Diego | 07-cv-00408-DMS-POR | March 5, 2007 |

is requested for all for the purposes of discovery and other matters as the Court may dictate.

WHEREFORE, Plaintiffs pray that the court enter judgment against defendant as hereinafter set forth:

1. For plaintiffs' special and general damages as may be proved at trial but not less than one million dollars.

2. For pre-judgment interest as provided by law;

COMPLAINT - 5
Complaint.wpd/wc

3. For costs of suit incurred herein, including attorney fees and expert witness fees;

4. For all other damages available under applicable law; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 23rd day of January, 2008.

**LOJEK LAW OFFICES, CHTD.**

By: _____
Donald W. Lojek - Of the Firm
Attorneys for Plaintiffs

**ORRIN L. GROVER, PC**

By: _____
Orrin L. Grover - Of the Firm
Attorneys for Plaintiffs

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

     # 146817      - BH

       January 24, 2008
           12:24:00


       Civ Fil Non-Pris
   USAO #.: 08CV0141 CIVIL FILING
   Judge..: BARRY T MOSKOWITZ
   Amount.:              $350.00 CK
   Check#.: BC# 7920



   Total-> $350.00


   FROM: FRANCIS V. USA
         CIVIL FILING
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mary M. Francis, individually and the Estate of John C. Francis, acting through the personal representative, Mary M. Francis

**DEFENDANTS**
United States of America

08 JAN 24 PM 12:25
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff  **Twin Falls, Idaho**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lojek Law Offices, Chtd., PO Box 1712, Boise, ID 83701
(208) 343-7733

Attorneys (If Known)
**'08 CV 0141 BTM POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC § 2401(b)**
Brief description of cause:
**Federal Tort Claim    Negligence**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **1,000,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE **Sabraw**
DOCKET NUMBER **(As specified in Complaint)**

DATE **1-23-08**
SIGNATURE OF ATTORNEY OF RECORD _/s/_

---

**FOR OFFICE USE ONLY**

RECEIPT # **146817**   AMOUNT **$350** 1/24/08 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____